## BROWN v. SALISBURY.

(Circuit Court, S. D. New York. April 27, 1903.)

1. PARTIES—CAPACITY TO SUE—ACTION FOR BREACH OF CONTRACT.
   In an action for breach of a contract made wholly between plaintiff and defendant, an allegation in the complaint that, "as between themselves," plaintiff and a third person had each a half interest in the contract, does not render such third person a necessary party plaintiff.

At Law. On demurrer to complaint.

F. A. Ward, for the demurrer.

E. L. Kalish, opposed.

PLATT, District Judge. The complaint and demurrer are as follows:

### Complaint.

"(1) That at all the times hereinafter stated the plaintiff was, and now is, a citizen of the state of Ohio, and that at like times one Abner McKinley, hereinafter mentioned, was, and now is, a citizen of the state of Ohio, and that at all of said times the defendant was, and now is, a citizen of the state of New York, and was, and now is, carrying on business in the city of New York, in said state, as a broker for the purchase and sale of shares of stock on the New York Stock Exchange and elsewhere.

"(2) That on or about the 15th day of September, 1898, the defendant purchased for the plaintiff two hundred shares of the preferred capital stock of the Cleveland, Lorain & Wheeling Railroad Co., and as part payment for said shares of stock received on account of the plaintiff and credited to the plaintiff's account the sum of two thousand dollars ($2,000). The cost price of said two hundred shares of stock was about ten thousand four hundred dollars ($10,400). That as between themselves the plaintiff and the aforesaid Abner McKinley had each a half interest in the aforesaid stock transaction.

"(3) That upon the said 15th day of September, 1898, the defendant undertook for the plaintiff, as his agent, and for a compensation to be paid him, to sell for the plaintiff the said two hundred shares of stock for cash, and not otherwise, at the market price, according to plaintiff's instructions. Thereafter, and between the 15th day of September, 1898, and the 30th day of September, 1898, the plaintiff instructed the defendant to sell the said shares at a price one point above the purchase price, or at a price which would let out the plaintiff without a loss. That while said instructions were in force the market price for said stock rose to about ten thousand six hundred and fifty dollars ($10,650), and could have been sold by defendant above the price at which it had been purchased, so as to let out plaintiff without loss. That the defendant did not use due diligence in selling the said shares, but negligently, and without exercising ordinary business care, omitted to sell said shares until December 3, 1898, when he sold one hundred of said shares without plaintiff's consent, and on June 16, 1899, when he sold the remaining one hundred of said shares without plaintiff's consent, to the loss and damage of the plaintiff in the sum of twenty two hundred dollars ($2,200), and interest thereon from the 30th day of September, 1898.

"Wherefore plaintiff demands judgment against the defendant for the sum of twenty-two hundred dollars ($2,200), and interest thereon from the 30th day of September, 1898, besides the costs of this action."

### Demurrer.

"First. That the plaintiff has not legal capacity to sue.

"Second. That there is a defect of parties plaintiff, in that it appears by the said complaint that one Abner McKinley has a half interest in the transaction and claim in suit, and that it appears by the said bill that the said Abner McKinley is a necessary party to the said complaint, and that said Abner McKinley is not made a party thereto.

"Third. That the complaint does not state facts sufficient to constitute a cause of action.

"Wherefore, and for divers other good causes of demurrer appearing on the said bill, this defendant doth demur thereto, and he prays the judgment of this honorable court whether he shall be compelled to make any answer to the said bill; and he humbly prays to be hence dismissed, with his costs in this behalf sustained."

The contract declared upon is solely between the plaintiff and defendant. Defendant bought the stock for plaintiff, and agreed to follow his orders in selling. His neglect to follow orders constituted a breach, and caused an actual loss to the plaintiff of $2,200.

In paragraph 2 the last sentence was added under the direction of Judge Lacombe. It sets forth that, "as between themselves, the plaintiff and the aforesaid Abner McKinley had each a half interest in the aforesaid stock transaction." To my mind the addition has this importance. If on the trial the plaintiff shall recover, it would be worse than useless for McKinley to attack the defendant on a like ground. In such event his contention would be confined to the present plaintiff.

Let the demurrer be overruled.